IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff/Respondent, | ) |
| | ) |
| v. | )    Criminal Case No. CR-13-04-RAW |
| | ) |
| AUNDRAY TITSWORTH, | ) |
| | ) |
|     Defendant/Movant. | ) |

# **ORDER**

    Now before the court is a letter/motion ("motion") from *pro se* Defendant Aundray Titsworth ("Defendant"). [Doc. 106]. Defendant refers to the First Step Act of 2018 and essentially requests a reduction in sentence in light of Amendment 782 to the United States Sentencing Guidelines. Defendant's motion is construed herein as a motion for sentence reduction under 18 U.S.C. § 3582. The Government filed an objection to Defendant's motion, noting in relevant part that Defendant previously requested a sentencing reduction under Amendment 782, and that, once again, there is no basis "for any alteration of the sentence imposed." [Doc. 108 at 10]. The court agrees.

    Defendant is asking the court to review his case, and he claims without elaboration that he should have received a two-point sentence reduction under Amendment 782. The court has, once again, reviewed his case. Defendant's crimes were committed on December 19, 2012, and he was sentenced in 2013. To be eligible for relief under Section 404 of the First Step Act, a defendant must have been convicted of a "covered offense" committed before August 3, 2010. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Moreover, Defendant's guideline range was not driven by a drug offense.[*] The Government correctly points out that "[i]f a drug defendant

---

[*] On August 28, 2019, Defendant sought a sentence reduction based upon Amendment 782 [Doc. 90], and on April 27, 2020, the court held that Defendant was not entitled to a sentence reduction and dismissed Defendant's motion for lack of jurisdiction [Doc. 94]. The court explained that Amendment 782 does not affect the applicable sentencing range in Defendant's case because Defendant's guideline range was not determined using the guidelines for drug possession and distribution.

was also convicted of a firearms offense, and was sentenced as an Armed Career Criminal ["ACC"] pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4; and if the default offense level of 33 or 34 set forth in Section 4B1.4 was higher than the offense level for the drug and other offenses, the final guideline level is unchanged by Amendment 782." [Doc. 108 at 8]. The Government reminds the court that "Defendant's ACC offense level of 30 was computed based on his ACC status, not the lesser possible guideline suggested by his drug offense level," and "[a]ccordingly, Amendment 782 does not lower his guideline range and [he] is not eligible for relief." *Id*. at 9.

Defendant's motion [Doc. 106], construed herein as a motion for sentence reduction under 18 U.S.C. § 3582, is DISMISSED without prejudice for lack of jurisdiction.

It is so ordered this 18th day of March, 2021.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA