IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>AUNDRAY TITSWORTH, )<br>)<br>Defendant/Movant. ) | Criminal Case No. CR-13-004-RAW<br><br>Civil Case No. CV-22-130-RAW |

## ORDER

On May 31, 2013, Defendant Aundray Titsworth ("Defendant") pleaded guilty to Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) ("Count 1"), Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 2"), and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count 3"). A presentence investigation report ("PSR") was prepared by the United States Probation Office. After an extensive grouping analysis of the drug and firearm counts, the PSR determined the offense level would be calculated pursuant to U.S.S.G. § 2K2.1. [*PSR* at ¶¶ 15-26]. Of significant importance herein, Defendant was also determined to be an Armed Career Criminal ("ACC") pursuant to U.S.S.G. § 4B1.4(a), making him subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e). *Id.* at ¶ 27. The ACC designation resulted in an offense level of 33. *Id.* Applying a three-level reduction for acceptance of responsibility, the resulting offense level was 30. *Id.* Defendant's criminal history yielded a criminal history category of III, but the ACCA enhancement raised the criminal history to a category IV. *Id.* at ¶¶ 35-36. Based upon a total offense level of 30 and a criminal history category of IV, his guideline range was 135-168 months. *Id.* at ¶ 49. Still, the statutorily-required minimum sentence on Count 3 was greater than the maximum of the applicable guideline range. *Id.* As such, the guideline term of imprisonment was 180 months. *Id.* Additionally, Count 2 required a 60-month consecutive term of imprisonment. *Id.*

On December 19, 2013, Defendant was sentenced to a total term of 140 months of imprisonment on each of Counts 1 and 3, and 60 months on Count 2. [CR Doc. 71]. The terms of

imprisonment imposed on Counts 1 and 3 were to be served concurrently, and the term of imprisonment imposed on Count 2 was to be served consecutive to Counts 1 and 3. *Id.* Judgment was entered on December 31, 2013. [CR Doc. 72]. Almost five years later, on October 11, 2018, the court amended the judgment. Defendant was sentenced to a total term of 116 months of imprisonment on each of Counts 1 and 3, and 60 months on Count 2. [CR Doc. 88 at 2]. The terms of imprisonment imposed on Counts 1 and 3 were to be served concurrently, and the term of imprisonment imposed on Count 2 was to be served consecutive to Counts 1 and 3, for a total of 176 months. *Id.*

Now before the court is Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. [CR Doc. 122; CV Doc. 1]. Also before the court is Defendant's brief in support of his § 2255 motion. [CR Doc. 123; CV Doc. 2]. Citing *Borden v. United States*, 141 S.Ct. 1817 (2021), Defendant claims he no longer has three prior convictions that qualify as ACCA predicate offenses. *Id.* at 1-2. The Government filed a response to Defendant's § 2255 motion, concluding that Defendant is entitled to be resentenced without the ACCA enhancement. [CR Doc. 127]. The undersigned appointed the Federal Public Defender's Office ("FPD") to represent Defendant during his § 2255 action. [CR Doc. 128]. The FPD entered an appearance and filed a "Motion to Expedite Decision on § 2255 Motion and Resentence Defendant to Time Served." [CR Docs. 129; 130; 131]. The Government filed a response to Defendant's motion to expedite. [CR Doc. 133]. The parties, and this court, agree that in light of *Borden*, Defendant's § 2255 motion should be granted.

Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [CR Doc. 122; CV Doc. 1] is GRANTED. Defendant's previously imposed sentence is reduced to time served, to be followed by four years of supervised release. The court hereby directs the United States Probation Office to amend the PSR and to amend the judgment. All other terms and conditions of Defendant's sentence imposed on December 19, 2013, shall remain in effect. *See* Original Judgment [CR Doc. 72] in Criminal Case No. CR-13-004-RAW.

This order is STAYED until **July 12, 2022**, to allow time for the BOP to make certain notifications under 18 U.S.C. § 4042(b), and to allow time for other practical or administrative tasks that the BOP, the United States Probation Office, and/or the Marshal's Service may have in

order to complete Defendant's transition from imprisonment to supervised release. Lastly, Defendant's "Motion to Expedite Decision on § 2255 Motion and Resentence Defendant to Time Served" [CR Doc. 131] is DENIED as moot.

It is so ordered this 5th day of July, 2022.

*Ronald A. White*
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA